# IN THE COURT OF APPEALS OF IOWA

No. 25-0109
Filed July 23, 2025

IN THE INTEREST OF J.W.,
Minor Child,

N.W., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Carroll County, Joseph McCarville,
Judge.

A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**

Joel Baxter of Baxter & Wild Law Office, PC, Guthrie Center, for appellant
mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, for appellee State.

Kelsea Morann Hawley of Minnich, Comito, Neu, & Hawley, P.C., Carroll,
attorney and guardian ad litem for minor child.

Considered without oral argument by Schumacher, P.J., and Buller and
Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights to her daughter, J.W.[1] She challenges the sufficiency of the evidence supporting the grounds for termination and requests a six-month extension for reunification efforts. Upon our review, we affirm.

## I. Background Facts and Proceedings

Family-preservation services were put in place at the time of J.W.'s birth in September 2023 because the mother was not able to safely care for the baby. The mother did not understand or refused to follow instructions for feeding and obstructed hospital staff from performing standard medical testing of J.W. The child was removed from the mother's custody and adjudicated in need of assistance.

The mother reported that her older daughters lived with her in Carroll, which was inaccurate. The mother has a lengthy history of involvement with social services in Georgia prior to her move to Iowa. The mother's parental rights were previously terminated to the younger of her other children, and the older child was placed in full custody of the child's father.

The mother has been diagnosed with schizophrenia. She acknowledges she has "a history of struggles with mental health." She also admits she has struggled to remain compliant with medication to assist her symptoms, and she has been "treated for her mental health—at times, by force." When she is not compliant with her medication, she exhibits "concerning behavior," including

---

[1] The father was in prison for most of this proceeding. His parental rights were also terminated. He does not appeal.

actions that endangered the safety of her children. The mother was not forthcoming about her mental-health issues during her initial psychological evaluation in this case. She was not consistent in attending therapy or taking her medication.

After a year of services, the mother's mental health remained an impediment to her ability to safely parent the child. The State filed a petition for termination of parental rights in September 2024. The hearing was held in December. The department caseworker reported that although the mother was "cooperative and participated in the services" and had "made some progress," she "struggled to demonstrate those things on an ongoing basis." The caseworker explained that the mother hears voices, which causes her to commit criminal acts and "contributes to her inability to adapt to her child's needs and learn how to safely care for a child and be able to meet the child's needs over time." The caseworker reported that as recently as "two weeks ago" the mother was not taking her medication.

The mother testified that she has "participated in good faith" with services offered to her. She acknowledged she has "a history of getting better on [her] medication but then [she] also ha[s] a history of getting off of it." The mother had rented a second apartment to escape "unbearable" auditory hallucinations in her first apartment, but she stated she was making efforts to move into only the second apartment. The mother maintained she was prepared to have J.W. return to her custody, and she had no concerns about being able to meet the child's needs. Alternatively, the mother requested additional time to work toward reunification.

Following the hearing, the court entered an order terminating the mother's rights under Iowa Code section 232.116(1)(g), (h), and (k) (2024). The mother appeals.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Upon our review, our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III. Discussion

The mother challenges the grounds the court relied on to terminate her parental rights. When the court "terminates parental rights on more than one statutory ground," we may affirm "on any ground we find supported by the record" evidence. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on section 232.116(1)(h) in this opinion. The mother does not dispute the first three elements of that section—the child is three years of age or younger, the child has been adjudicated in need of assistance, and the child has been removed from the mother's custody for at least six months. She focuses on the fourth element, whether the child could be safely returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4).

Upon our review, we concur with the court that there is clear and convincing evidence in the record to show the child could not be returned to the mother at the time of the termination hearing due to her ongoing mental-health issues. *See In re A.T.*, No. 18-0609, 2018 WL 3650357, at *1–2 (Iowa Ct. App. Aug. 1, 2018)

(finding clear and convincing evidence in the record to show the child could not be returned to the mother's custody because the mother "was not consistent in taking medication needed" for her schizophrenia, exhibited "paranoid delusions and hallucinations," and was unable to care for herself or her infant independently). The record shows the mother was not consistently attending therapy or taking her prescribed medication. *See id*. The caseworker testified the mother had not shown the capacity to parent the child safely without constant supervision:

> [t]he [mother's] mental health issues continue to overshadow everything else and impact her ability, you know, to safely supervise her child, to meet her nutritional needs, to care for her without prompting. I mean, we still have the visits, you know, nearly every visit there's some issue that she needs to be reminded of this or reminded of that and, you know, we continue to need to intervene to the point we haven't been able to move past those supervised visits because we don't believe she's demonstrated the ability that she can do these things on her own without someone else there.

Based on these and other facts replete in the record, we agree with the court's finding that the child could not be returned to the mother's custody at the time of the termination hearing. Iowa Code section 232.116(1)(h) was satisfied.

The mother also asserts the court erred by failing to grant her a six-month extension, after which the grounds for termination would no longer exist.[2] However, the court's ruling did not address this issue.[3] And the mother did not file

---

[2] The mother conflates her argument on this issue with her argument concerning the statutory grounds supporting termination.

[3] A court may decline to terminate parental rights and instead provide the parent with a six-month extension. *See* Iowa Code § 232.104(2)(b). To do so, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* Even if we were to find this issue preserved for appellate review, this record is devoid of any specific factors, conditions, or expected

a motion to enlarge or modify the district court's findings, conclusions, or judgment. She has thus not preserved error on this claim, and we do not further address it. *See In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994) (holding that by failing to file a motion under rule 179(b), now rule 1.904(2), a mother waived her statutory and due process challenges to the deficiencies of the juvenile court's order).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

behavioral changes that would indicate the need for J.W.'s removal will no longer exist at the end of a six-month period.